UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMARPREET SINGH,<br><br>Defendant | Criminal No. 25cr10322<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy (18 U.S.C. § 1956(h))<br><br>Count Two: Theft of Government Funds (18 U.S.C. § 641)<br><br>Count Three: Bank Fraud (18 U.S.C. § 1344)<br><br>Money Laundering Forfeiture Allegation: (18 U.S.C. § 982(a)(1)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.      AMARPREET SINGH lived in Massachusetts and New Jersey.

2.      Co-conspirator 1 ("CC-1") was an individual in Massachusetts.

3.      Beattie Roofing, Inc. ("Beattie Roofing") was a Massachusetts corporation that conducted no bona fide business activity.  Beattie Roofing filed no tax returns with the Internal Revenue Service.

4.      Banks A, B, C, and D were financial institutions within the meaning of Title 18, United States Code, Section 20 that operated in Massachusetts.

Overview of the Money Laundering Conspiracy

5.      Between in or about March 2024 and in or about August 2024, SINGH, CC-1 and others known and unknown to the United States Attorney agreed with each other and others to

1

receive and deposit into accounts in the name of Beattie Roofing the proceeds of a scheme to steal United States Treasury checks, all as part of an effort to conceal that the funds were the proceeds of criminal activity.

Object and Purpose of the Money Laundering Conspiracy

6.      The object of the conspiracy was to engage in financial transactions involving the proceeds of specified unlawful activity, namely, theft of government funds and bank fraud, knowing that the property involved in those transactions represented the proceeds of some form of criminal activity.   The principal purposes of the conspiracy were to make money and to conceal the conspiracy from law enforcement and financial institutions.

Manner and Means of the Money Laundering Conspiracy

7.      Among the manner and means by which SINGH, CC-1, and others known and unknown to the U.S. Attorney carried out the money laundering conspiracy were the following:

a.      causing SINGH to be named the sole officer of Beattie Roofing;

b.      opening bank accounts in the name of Beattie Roofing;

c.      representing to banks that Beattie Roofing was a roofing company with customers and subcontractors when it was not;

d.      depositing checks payable to Beattie Roofing that were the proceeds of a scheme to steal United States Treasury checks;

e.      transferring the proceeds of the scheme to steal United States Treasury checks between Beattie Roofing accounts; and

f.      disbursing the scheme's proceeds from Beattie Roofing accounts to third parties using cashier's checks.

Acts in Furtherance of the Money Laundering Conspiracy

8.      Between in or about March 2024 and in or about August 2024, SINGH, CC-1,

2

and coconspirators known and unknown to the U.S. Attorney committed and caused to be committed the following acts, among others, in furtherance of the money laundering conspiracy:

a.    On or about March 19 2024, a co-conspirator filed corporate papers with the Commonwealth of Massachusetts making SINGH the sole officer of Beattie Roofing;

b.    On or about March 25, 2024, SINGH opened an account in the name of Beattie Roofing at Bank A;

c.    On or about April 5, 2024, SINGH opened an account in the name of Beattie Roofing at Bank B;

d.    On April 10, 2024, at a Bank A branch, SINGH deposited a check for $205,000 payable to Beattie Roofing from Entity A, an amount that derived from a forged U.S. Treasury check, no. 34385076, deposited by Person 1 at a different financial institution on or about March 6, 2024;

e.    On or about April 15, 2024, SINGH withdrew $15,000 from the Beattie Roofing Bank A account and falsely told the bank that the withdrawal was to pay electrical vendors;

f.    On or about April 25, 2024, SINGH used funds from the Beattie Roofing Bank A account to buy a $60,000 bank check payable to Beattie Roofing;

g.    On or about April 30, 2024, SINGH used funds from the Beattie Roofing Bank A account to buy a $23,000 bank check payable to a purported renovation company;

h.    On or about April 30, 2024, SINGH deposited the $60,000 check she purchased payable to Beattie Roofing at Bank A into the Beattie Roofing account at Bank B.

i.    On or about May 3, 2024, SINGH withdrew $10,000 in cash from the Beattie Roofing account at Bank B;

j.    On or about May 3, 2024, SINGH opened an account in the name of Beattie

3

Roofing at Bank C;

k.      On May 6, 2024, SINGH withdrew $46,000 from the Beattie Roofing account at Bank B and bought a $24,000 bank check payable to Beattie Roofing and a $22,800 bank check payable to a purported renovation company;

l.      On or about May 6, 2024, SINGH deposited the $24,000 bank check she purchased at Bank B into the Beattie Roofing account at Bank C;

m.      On or about May 7, 2024, at a Bank B branch in Shrewsbury, Massachusetts, SINGH deposited a stolen U.S. Treasury check for $526,214.43, no. 42620586, that had been forged to be payable to Beattie Roofing;

n.      On or about May 16, 2024, SINGH withdrew $5,000 from the Beattie Roofing account at Bank C;

o.      On or about May 17, 2024, SINGH opened an account in the name of Beattie Roofing at Bank D;

p.      On or about May 22, 2024, SINGH withdrew $10,000 from Bank C;

q.      On or about July 13, 2024, SINGH deposited a $30,000 cashier's check payable to Beattie Roofing into the Beattie Roofing account at Bank D;

r.      On July 22, 2024, at a Bank C branch, SINGH deposited a check payable to Beattie Roofing for $60,000 that derived from a forged U.S. Treasury check, no. 48328091, deposited into a different financial institution by Person 2 on or about June 25, 2024;

s.      On or about July 31, 2024, SINGH used $20,000 from the Beattie Roofing Bank C account to buy a $20,000 bank check payable to a purported hospice care company;

t.      On or about August 7, 2024, at a Bank C branch, SINGH re-deposited the $20,000 check payable to the hospice care company into the Beattie Roofing account and withdrew $20,000 in cash;

u.     On or about August 14, 2024, at a Bank C branch, SINGH deposited a check payable to Beattie Roofing for $25,000 that derived from a forged U.S. Treasury check, no. 48328091, deposited by Person 2 at a different financial institution on or about June 25, 2024;

v.     On or about August 30, 2024, SINGH withdrew $20,000 from the Beattie Roofing account Bank C.

<u>The Scheme to Defraud and to Steal Government Money</u>

9.     As alleged in paragraph 8(m) above, on or about May 7, 2024, at a Bank B branch in Shrewsbury, Massachusetts, SINGH deposited a stolen U.S. Treasury check for $526,214.43, no. 42620586, that had been forged to be payable to Beattie Roofing.

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The U.S. Attorney charges:

10.     The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 8 of this Information.

11.     From in or about March 2024, through in or about August 2024, in the District of Massachusetts, and elsewhere, the defendant,

AMARPREET SINGH,

conspired with CC-1 and others known and unknown to the U.S. Attorney to conduct and attempt to conduct financial transactions, to wit, depositing checks and withdrawing funds, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, theft of government money, in violation of Title 18, United States Code, Section 641, and bank fraud in violation of Title 18, United States Code, Section 1344, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Theft of Government Money
(18 U.S.C. §§ 641 and 2)

The U.S. Attorney charges:

12.     The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 9 of this Information.

13.     On or about May 7, 2024, in Shrewsbury, in the District of Massachusetts, the defendant,

AMARPREET SINGH,

embezzled, stole, purloined, or knowingly converted to her use or the use of another, or without authority, sold, conveyed or disposed of any record, voucher, money, or thing of value of the United States, to wit, a U.S. Treasury check, no. 42620586, for $526,214.43.

All in violation of Title 18, United States Code, Section 641.

7

## COUNT THREE
Bank Fraud
(18 U.S.C. § 1344)

The U.S. Attorney charges:

14.     The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 to 9 of this Information.

15.     On or about May 7, 2024, in Shrewsbury, in the District of Massachusetts, the defendant,

AMARPREET SINGH,

knowing executed, or attempted to execute, a scheme or artifice to defraud Bank B, a financial institution within the meaning of Title 18, United States Code 20, and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Bank B, by means of false and fraudulent pretenses, representations, and promises, by depositing a forged U.S. Treasury check, no 42620586, into an account in the name of Beattie Roofing.

All in violation of Title 18, United States Code, Section 1344.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The United States Attorney further alleges:

16.    Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count One, the defendant,

AMARPREET SINGH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a.    $320,000, to be entered in the form of a forfeiture money judgment.

17.    If any of the property described in Paragraph 16, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 16 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

9

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   /s/Kriss Basil
      KRISS BASIL
      Assistant United States Attorney